81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Surjit SINGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70654.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided March 21, 1996.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges, and ZILLY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner Surjit Singh is a Sikh from India who entered the United States without inspection. He conceded deportability and filed an application for asylum pursuant to 8 U.S.C. §§ 1101(a)(42) and 1158(a) and withholding of deportation pursuant to 8 U.S.C. § 1253(h). The Immigration Judge (IJ) denied Singh's application for asylum and withholding of deportation. Singh appealed to the Board of Immigration Appeals (BIA), which affirmed the denial of his application. Singh petitions us for review.
 
 
 4
 * Singh entered the United States without inspection on January 26, 1989. Deportation proceedings commenced on January 27, 1989, through the execution of and Order to Show Cause (OSC). At a merits hearing on March 16, 1989, Singh admitted the allegations contained in the OSC, conceded deportability, requested asylum and withholding of deportation, and in the alternative, requested voluntary departure. The hearing was adjourned to provide Singh an opportunity to file an application for asylum and withholding of deportation. A hearing on the merits of the application was ultimately held on August 17, 1990. At the conclusion of the hearing, the IJ rendered an oral decision, finding Singh was deportable. The IJ denied Singh's application for asylum and withholding of deportation, but granted his request for voluntary departure.
 
 
 5
 Singh appealed the IJ's decision to the BIA on August 21, 1990. The BIA affirmed the IJ's decision on September 15, 1994. Singh filed his petition for review on October 14, 1994.
 
 II
 
 6
 The BIA's determination that a petitioner is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Review for denial of asylum is for an abuse of discretion; the IJ's and BIA's credibility findings are reviewed for substantial evidence. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). We defer to credibility findings that are fairly supported by the record. Martinez-Sanchez v. INS, 794 F.2d 1396, 1400 (9th Cir.1986). The BIA's determination should be reversed only if the evidence presented by the alien was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed. Elias-Zacarias, 502 U.S. at 481.
 
 
 7
 An IJ's finding that a petitioner is not credible must be supported by "specific, cogent" reasons for disbelief. Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992) (citation omitted). Not only must the IJ state the reasons for negative credibility findings, but these reasons must be both substantial and legitimately connected to the finding. Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990). That is, we require a "rational and supportable connection between the reasons cited and the conclusion that the petitioner is not credible." Id.
 
 
 8
 The IJ points to a number of reasons to support his finding that Singh was not credible. Because the BIA's decision incorporates the IJ's decision, we treat the IJ's statement of reasons as the BIA's. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). The reasons given possess a rational and supportable connection with the IJ's adverse determination of credibility. The IJ's reasons are fully set forth in his Oral Decision and we need not repeat them here. We hold that substantial evidence supports the IJ's adverse credibility findings.
 
 
 9
 Without Singh's (non-credible) testimony, the record lacks evidence to support a determination that Singh has a well-founded fear of persecution. The denial of asylum for Singh was not an abuse of discretion.
 
 
 10
 PETITION DENIED.
 
 HAWKINS, Circuit Judge, concurring:
 
 11
 Immigration Judge Brian H. Simpson saw fit to comment, in his oral decision, on this Court's well-established rule (see, e.g., Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987)), that an IJ may not simply reject a petitioner's claim without articulating concrete reasons for finding the testimony not credible as follows:
 
 
 12
 It is axiomatic that the unrebutted testimony of a witness not shown to be unworthy of belief as to a fact which is not inherently incredible cannot be rejected by an Immigration Judge without some articulable reason and, moreover, such testimony does not generally require corroboration. As applied generally to witnesses appearing in domestic and criminal courts in the United States, this rule seems entirely reasonable. Where the disinterested witnesses testify with conviction as to simple objectively verifiable fact or facts in the absence of contrary evidence it would not seem either necessary or desireable to inquire further into the matter. As applied to aliens appearing in a deportation proceeding, however, this salutory [sic] rule is something less than axiomatic. In the first place, the witness for the most part is the alien seeking relief. All of his testimony is self-serving. The alien is hardly a disinterested witness on his own behalf.
 
 
 13
 Oral Decision of August 17, 1990 at 0039-40.
 
 
 14
 It is not clear from the IJ's comments whether he proposes to "overrule" us or to simply offer his own commentary about a rule with which he has some disagreement. Whatever his intent, Judge Simpson's comments are unworthy of a fact-finder whose obligation it is to not only follow the law but also to come to his task without predisposition. We have every reason to expect and demand more.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3